## ELLIS JENNINGS *v.* STATE.

[59 South. 848.]

CRIMINAL LAW. *Intoxicating liquors. Place of public worship. Insufficiency of indictment. Code* 1906, *section* 1759.

Under Code 1906, section 1759, making it a criminal offense to carry intoxicating liquors to a place of public worship, but providing that this section shall not be operative in any city or town, an indictment for carrying such liquors to a place of public worship is fatally defective if it fails to allege that the place of public worship to which the liquor was taken was not situated in a city or town.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

Ellis Jennings was convicted of carrying intoxicating liquors to a place of public worship and appeals.

The facts are fully stated in the opinion of the court.

*A. M. Edwards,* for appellant.

The fourth assignment of error is that the court erred in refusing to grant for the defendant a peremptory instruction to which we call the court's special attention.

Section 1759 of the code of 1906 reads as follows: "'The same; certain things not to be sold or given away at or near places of worship.—If a person sells or offers for sale any liquor, vinous or spirituous, or other intoxicating drink, at or within two miles of any meeting house or other place of worship, or treat or give away or carry to such place any liquor, or vinous or spirituous or other intoxicating drink, save for sacramental purposes, during the time appointed for the continuance of such worship, he shall, on conviction thereof, be fined thirty dollars for each offense, or be imprisoned in the county jail thirty days, or both; but this section shall not extend to any city or town, or to per-

sons residing permanently within the limits prescribed and complying with the requisitions of the law in other respects.''

We think this assignment of error is well taken, as it is incumbent upon the state to make out its case beyond a reasonable doubt under the law and the testimony before a person can be lawfully convicted, and this we think the state failed to do. It is not any where testified to where Rexford Church is located, whether in a town or in a city or in the country; neither is it shown that the defendant didn't reside permanently within the prescribed limits of a town or city, and comply with the requisitions of the law in other respects. Therefore we contend that the state failed to make out a case against the defendant under the law.

*Claude Clayton,* assistant attorney-general, for the state.

In my opinion, it will not be necessary to go into the facts as disclosed by this record, as the disposition of this case depends entirely upon the indictment as shown by the record at page 5. Evidently the indictment is predicated upon section 1759, of the Code of 1906. That section of the Code makes it a violation of the law to carry intoxicating liquors to a place of public worship during the time of the continuance of such worship. It also provides that this shall not apply to any city, town or village, incorporated. In my opinion, it was necessary to allege in this indictment that the place of public worship, to wit, ''Rexford Methodist Church,'' was not in an incorporated city, town or village. Nor was there any proof introduced upon the part of the state to show that it was not in an incorporated city, town or village. At the conclusion of the testimony, the appellant moved the court for a peremptory instruction, and this was refused by the court. The action of the court in refusing this instruction is one of the grounds upon which appellant seeks the reversal of this case.

Under the authority laid down in the case of *Lee* v. *State,* 68 Miss. 601, I think that the motion of appellant for a peremptory instruction to the jury to find appellant not guilty should have been granted, as in my judgment the indictment is fatally defective, which defect is covered by the motion for a peremptory instruction.

SMITH, C. J., delivered the opinion of the court.

Appellant was indicted under section 1759 of the Code of 1906 for carrying intoxicating liquors to a place of public worship, to wit, Rexford Methodist Church. This section provides that it shall not extend to any city or town, and the indictment failed to allege, and the proof to disclose, that this church was not situated in a city or town; consequently, no offense was either charged by the indictment or disclosed by the proof.

The court, therefore, erred in refusing to grant the peremptory instruction requested by appellant; and consequently its judgment will be reversed, the indictment quashed, and the cause dismissed.

*Reversed and dismissed.*